UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
EFRAIM QUINN
on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

       -against-

CLIENT SERVICES, INC.

                      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Efraim Quinn seeks redress for the illegal practices of Client Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Saint Charles, Missouri.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Efraim Quinn*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 27, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter provided a settlement offer and then stated: "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

12. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

13. 15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

14. Said language can be reasonably read to have two or more different meanings, one of

which is false.[1]

15. The said language is a veiled threat aimed at coercing the Plaintiff to pay more than is owed and/or less than the settlement amount.

16. According to guidance published by the Consumer Financial Protection Bureau ("CFPB"), a debt collector's representation to a consumer that paying debts may improve the consumer's creditworthiness or "enhance the likelihood that a consumer will subsequently receive credit from a lender" may be deceptive.

    (*http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf.*)

17. Courts appropriately consider guidance in CFPB Bulletins and other publications to determine whether a given statement or communication violates the FDCPA. See, e.g., Zweigenhaft v. Receivables Performance Mgmt., LLC, No. 14 CV 01074 (RJD)(JMA), 2014 U.S. Dist. LEXIS 160441, at *9 n.2 (E.D.N.Y. Nov. 13, 2014).

18. The said letter is deceptive and misleading, in that it implies that the consumer may enhance his or her likelihood of approval for credit products by paying the claimed debt in full rather than the reduced settlement amount.

19. The said language falsely implies that if the Plaintiff pays the claimed balance in full rather than agreeing to the lesser settlement amount, the Plaintiff could enhance his likelihood of receiving future credit products from Chase Bank or improve his overall creditworthiness.

20. Upon information and belief, Plaintiff's payment in full of the amount claimed would not have enhanced his likelihood of obtaining Chase credit products or services in the

---

[1] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

future, nor would it have improved his overall creditworthiness.

21. The threat of receiving "less favorable terms" is unambiguous and confusing and forces the consumer to fear not paying the full amount to receive as implied "less favorable terms".

22. However, the said letter again is unfair, confuses and misleads the consumer to believe if he or she pays, they will definitely receive favorable terms.

23. Nowhere in the letter is it spelled out that paying the full balance will result in favorable terms.

24. Defendant's November 27, 2017 letter is violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f of the FDCPA for falsely implying that payment in-full, rather than settlement of the claimed debt would have enhanced his prospect of receiving future credit products or enhanced his overall creditworthiness.

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

29. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33. As an actual and proximate result of the acts and omissions of Client Services, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about November 27, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Chase Bank USA, N.A.; and (b) the collection letter was returned by the postal service

as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f of the FDCPA for falsely implying that payment in-full, rather than settlement of the claimed debt would have enhanced his prospect of receiving future credit products or enhanced his overall creditworthiness.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 25, 2018

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**client SERVICES INCORPORATED**

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

RE: CHASE BANK USA, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX3538
BALANCE DUE: $581.20
REFERENCE NUMBER: | 22

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 8am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-9903

DATE: 11/27/2017

## SETTLEMENT OFFER

We are offering you a settlement amount of $117.00, to settle this CHASE BANK USA, N.A. account for less than the balance due.* This offer is valid until 12/17/2017. If payment in full of the settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer. If you are unable to pay the settlement amount in full by this due date, please contact our office for alternative payment options which may be available to you.

We look forward to working with you in resolving this matter.

Jerry Petersen

*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| | |
|---|---|
| Send your payment in the enclosed envelope using the remittance coupon below. | Online: www.csiconsumercenter.com |
| Pay-by-Phone: 1-877-552-5905 | If you are unable to pay the above settlement offer in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

**Do not send correspondence to this address.**

PO Box 1586
Saint Peters, MO 63376

| REFERENCE NUMBER | 722 |
|---|---|
| AMOUNT ENCLOSED | |



**Checks Payable To: Client Services, Inc.**

EFRAIM QUINN

**REMIT TO:**

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047

1 of 1

117611-2302-CHASESO2